Rollins, S.
—Letters of administration upon the estate of this decedent were issued to the public administrator on the thirtieth of July last. On the ninth of September following there was filed a verified petition, alleging that Frederick W. Paramore and Edward E. Paramore had in their possession or under their control certain property belonging to the decedent at his death, which they withheld, concealed and refused to exhibit, and praying that an inquiry be made respecting such property, “and that a citation or subpoena be issued, directed to Frederick W. Para-more and Edward E. Paramore, requiring them to attend and be examined.”
At the last named date it was ordered that a citation or subpoena issue in accordance with the prayer of the petition, but it does not appear that, pursuant to such order, a citation or subpoena was in fact served or issued.
On the fourth of November last the public administrator filed a verified petition, alleging that the Rockwell and Richards Company, limited, the firm of Rockwell & Richards, and Walter S. Rockwell, some or all of them, had in their possession or control certain -property belonging to decedent, and praying that an inquiry be made, and that Walter S. Rockwell be examined.
After the filing of this petition, a subpoena was issued directing Walter S. Rockwell to appear and to testify as to what he knew in the premises. This subpoena was served upon Walter S. Rockwell, and he thereafter appeared and was examined. After his examination had been concluded, the administrator served a notice on the witness demanding the delivery of certain certificates of stock which had been referred to in the testimony. The demand was not complied with, and the matter is now brought before the court.
Messrs. Rockwell and Richards offer tó file an answer, wherein they allege that they are the owners of the property demanded, and ask that the proceeding be dismissed in accordance with the directions of section 2710 of the Code of Oivil Procedure.
It is suggested by counsel for certain creditors of the decedent, in whose behalf the public administrator is acting, that if this proceeding is to be regarded as one commenced under section 2706 of the Code, the time allowed for interposition of an answer has elapsed, and it is further suggested that the proceeding should be treated as a proceeding instituted, not under the Code, but under section 221, of the Consolidation Act, chap. 410, Laws 1882.
The latter suggestion seems to me to be sound. In a discovery proceeding under the Code, a citation must issue upon the filing of the petition, and all subsequent steps in *451 such a proceeding await the return of the citation. Here there has been no issuance of citation. Sections 222-224 of the Consolidation Act provide that, upon allegations such as those contained in the petition herein, a subpoena may-issue, and that, if it shall appear upon examination, that property belonging to the decedent is concealed or withheld by any person, the surrogate must issue a warrant to the sheriff directing the seizure of such property, and its delivery to the public administrator, unless the person having possession of such property shall give bond as prescribed by section 224.
In a proceeding brought under this statute, no answer is contemplated, and the right of the public administrator to the issue of a warrant depends entirely upon the disclosures of the examination of the witness brought in by the subpoena.
In the county of Hew York, the Public administrator is entitled to letters of administration of an intestate’s estate in priority over creditors, and, when letters have been issued to him, his authority, as to that particular estate, is precisely coterminous with the authority that could be wielded by any other holder of letters. Apart from authority derived from letters, the public administrator has, as a • public officer, certain powers in connection with property belonging to non-resident intestates. But it may well be doubted whether the provisions of the Consolidation Act, where they conflict with the provisions of the Code, are not confined to the powers which the public administrator exercises strictly as a public officer, and not to those that he can wield as the administrator of a particular estate.
It is unnecessary to determine this question, however, because an examination of the testimony has failed to satisfy me that the respondents have in their possession any property of the decedent, for the seizure of which a warrant can properly be issued.
It appears that the decedent was at the time of his death a resident of the state of Missouri; that he died there in May, 1887, and that letters of principal administration were there issued upon his estate.
About two months before his death he had subscribed the sum of $20,000 towards the capital stock of a corporation, then in process of formation, under the laws of this state. He had paid in the said sum of $20,000, and had received as evidence of such payment two certificates signed by Walter S. Rockwell, as commissioner.
It further appears that, at the time of the payment of this subscription, the decedent had entered into a written contract with the said Rockwell and his partner Richards, whereby he had bound himself, at any time within two- *452 years, to sell to the said Eockwell and Eichards the stock to which he had become entitled by reason of such subscription, at a stipulated price.
It further appears that after the death of the decedent, these certificates came into the possession of the Missouri administrators, who, prior to the issue of letters to the public administrator of New York, transferred the same to one Keating; that Keating made the transfer thereof to Eockwell and Eichards, they at the same time giving their note for the purchase price, which note is an admitted debt due from the makers to the holder.
It does not appear that there have been any assets of the decedent in this state since’his death, except his interest in the company for whose stock he subscribed. This stock had been reduced. to possession by the administrators of the decedent’s domicile before the jurisdiction of this court had been in any manner invoked.
Now, if the Missouri administrators have abused their trust, as is urged in behalf of the public administrator, they are responsible to the court which appointed them. This court has no jurisdiction to control their conduct, nor can this court compel Eockwell and Eichards to pay over to the public administrator any sum in which they may be indebted to this estate, nor grant any relief such as the petitioner asks.
Proceeding dismissed. No costs.